COMMISSIONER OF HEALTH — AUTHORITY CONCERNING HAZARDOUS WASTE DISPOSAL PERMITS The provisions of Section 5.4 of the Rules and Regulations For the Collection and Disposal of Solid Waste and Setting Standards for Sanitary Landfills adopted by the State Board of Health June 13, 1971, and as subsequently amended, are mandatory in nature and nonwaiverable by the Commissioner of Health. Section 5.3 of the Rules and Regulations constitute additional requirements to those set forth in Section 5.4, which the Commissioner may in his sound discretion require for certain hazardous waste disposal sites. The Attorney General has received your request for an opinion, wherein you, in effect, ask the following question: Are the requirements set forth in Sections 5.4.1 and 5.4.2 of the Hazardous Waste Regulations mandatory in nature, or can the Commissioner of Health grant a permit for a hazardous waste disposal site not meeting such requirements if an impervious lining or membrane is installed pursuant to the provisions of Section 5.3 of the Regulations? The Oklahoma Solid Waste Management Act is found at 63 O.S. 2251 [63-2251] et seq. (1971). 63 O.S. 2259 [63-2259] empowers the State Board of Health to adopt rules and regulations and reads as follows: "The Board of Health is directed and empowered to adopt and promulgate rules and regulations for the transportation of solid waste and disposal sites including, but not limited to, the disposal site location, construction, operation, and maintenance of the disposal site or disposal process as necessary to implement the purposes and intent of this act. Rules and regulations authorized under the provisions herein shall be promulgated and adopted in compliance with the Administrative Procedures Act of 1963 (75 O.S. 301 [75-301] — 75 O.S. of the Oklahoma Statutes). Notice of such rules and regulations shall be given to the chief executive officer of the governing body of each incorporated city and town and each county with an opportunity to appear and be heard thereon before the adoption of such rules and regulations." Pursuant to this authority, the State Board of Health adopted certain rules and regulations on the 13th day of June, 1971, and as subsequently amended, include the rules in question herein. Regulation 5.4 reads, in pertinent part, as follows: "At all land disposal sites or facilities under jurisdiction of the Department, Sections 4.1.1 through 4.1.27 of these regulations shall apply to the operation of a land disposal site or facility for hazardous wastes unless determined by the Department to be not applicable. The following additional standards shall also apply: "5.4.1 Soil Characteristics. The soil characteristics of the subject disposal site used for land disposal of hazardous wastes shall meet the following criteria: "(a) The soil shall meet the classification of a clay consisting of no more than seventy percent (70%) of particles larger than 0.002 millimeters. The soils shall be of inorganic nature and origin. "(b) The permeability of the clay soil shall be no greater than 10-6 cm/sec (This is equivalent to 0.0014 in./hr.) Soil testing shall be performed to determine actual measurement of permeability of the soil of the site to a depth of at least ten (10) feet below the deepest part of the fill and horizontally at least ten (10) feet from the farthest reach of the disposal area in all directions. These permeability tests shall be performed by an acceptable soils laboratory. "(1) A soil sample for permeability testing shall be taken at least at each 10 feet vertical depth or at lesser depths if clay soil texture changes. "(2) The laboratory testing procedures for permeability shall be performed according to the latest recommended or proposed American Society for Testing and Materials — Standard Testing Procedures (ASTM-STP) or other standard procedures that are equivalent thereto. "(c) A modified field percolation testing procedure shall be run on each test hole to assist in corroboration of permeability test data gathered and to provide data as to lateral movement of liquid in the body of clay soil under test. This test data will be used as informational data when evaluating the site for hazardous waste land disposal. "(1) The test hole shall not be less than four (4) inches in diameter. "(2) If the hole is drilled by the water circulation method, the hole shall be bailed dry of mud and/or water circulated until the water is clear of heavy mud content that may seal off the water from penetrating the soil horizontally. "(3) The hole shall then be saturated with water until the rate of drop in the hole is constant. During the saturation period the hole shall be refilled with water to zero mark near the top of the hole at least every 24 hours or more often. The bottom of the hole shall be measured regularly to ensure the hole has not filled up by the side of the hole caving in. "(4). . . "(5). . . "(d) All testing and core holes or other penetrations through the floor of the site shall be plugged so as to have a permeability rating equal to or less than the original soil. Any such hole within 10 feet horizontally of the disposal area shall also be plugged unless provisions are provided that the hole shall be used as a monitor well for the disposal site or facility. "(e) Soil and geological characteristics of the proposed disposal site shall be determined in the same manner as indicated in Sections 5.4.1 (b) and 5.4.1 (c) above, on a minimum of one test hole for each three (3) acres. The location of said test holes must be approved by the Department before boring and testing shall begin. As many as two (2) test holes per acre may be required by the Department if the original tests so indicate a need. "5.4.2 Thickness and Continuity of Clay Strata. Section 4.1.22 of these regulations does not apply to land disposal sites or facilities receiving hazardous wastes. "(a) The lowest depth of the disposal area at the disposal site or facility shall be at least ten (10) feet, or more, if required, above the highest normal water table expected in the area. There shall be ten (10) feet or more of clay soil below the lowest depth of the disposal area in the site or facility, and horizontally at least ten (10) feet in all directions from the furthest reach of the disposal area, which soil shall meet the requirements listed in Section 5.4.1 of these regulations. "(b) Soils on the land disposal site or facility shall be continuous in nature and of similar origin. In no case will a permit for a hazardous waste land disposal site or facility be issued for a site or facility located on flood plains or terraces near rivers, streams, or other bodies of water, or for land disposal sites or facilities located on or adjacent to known rock faults." "5.4.3 . . ." (Emphasis added) Section 5.3 of the Regulations provides as follows: "An impervious lining or membrane may be required by the Department for a site or facility for any given waste deposited therein. Plans and specifications for such a lining or membrane must be approved by the Department before installation or use. "(a) The use of natural or specific clays to develop any necessary lining is permitted providing: That the lining is at least 5 feet thick and that the permeability index is no greater than 10-8 cm/sec." (Emphasis added) A plain reading of the above regulations dictates that your question be answered in the negative. It is clear that the requirements set forth in Section 5.4, and specifically in sections 5.4.1 and 5.4.2 thereof, are mandatory in nature. A thorough reading of the rules and regulations adopted by the State Board of Health reveals no authority for the Commissioner of Health to waive such mandatory provisions. In addition, it is apparent that Section 5.3 provides for requirements in addition to those set forth in Section 5.4, which the Commissioner may impose if he determines same necessary for additional protection of the public health and welfare. An example of when such additional safeguards might be appropriate would be when the waste intended for deposit in the site is extraordinarily harmful or toxic. From the above, it becomes apparent that the Commissioner of Health cannot grant a permit for a hazardous waste disposal site when the proposed location does not meet the mandatory requirements of Section 5.4 of the Rules and Regulations, and that Section 5.3 simply provides an optional and discretionary additional means of protecting the public. It is, therefore, the opinion of the Attorney General that the provisions of Sections 5.4 of the Rules and Regulations are mandatory in nature and nonwaiverable by the Commissioner of Health. It is further the opinion of the Attorney General that the provisions of Section 5.3 of the Rules and Regulations constitute additional requirements to those set forth in Section 5.4, which the Commissioner may in his sound discretion require for certain hazardous waste disposal sites. (JAMES R. BARNETT) (ksg)